UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LAURENCE RUSSO, ET AL., : | |
| : | Civil Action No. 01-4458 (JLL) |
| Plaintiff(s),   : | OPINION AND ORDER |
| v.   : | |
| PETER F. RYERSON, ET AL., : | |
| Defendant(s).  : | |

  This matter comes before the Court by way of Defendants' motion to disqualify the law firm of Bisceglie & DeMarco, LLC ("Bisceglie & DeMarco"), as counsel for Plaintiffs in this matter. Plaintiffs opposed the motion. William J. DeMarco, Esq. is the attorney whose role forms the basis for Defendants' disqualification motion. Subsequent to the filing of Defendants' application, Mr. DeMarco passed away. For the reasons expressed below, and for those expressed during oral argument, Defendants' motion is DENIED.

**FACTUAL BACKGROUND**

  The first litigation involving the dispute upon which this suit is based was filed in September 1999 in the New Jersey Superior Court, Law Division for Passaic County (the "State Court Action"). The State Court Action was brought by Angelo Bisceglie, Esq. and his then law firm of Bisceglie & Friedman, LLC ("Bisceglie & Friedman") on behalf of Plaintiffs Lawrence Russo and William Villari. Peter Ryerson was named as a defendant in the State Court Action, along with Passaic County and several of its governing agencies (the "Passaic County Defendants").

  Mr. Ryerson retained William J. DeMarco, Esq., then a sole practitioner, to represent him in connection with the State Court Action. From the record, it appears as though Mr. DeMarco's representation of Defendant Ryerson was relatively brief, as the State Court Action was dismissed without prejudice shortly after its inception when Passaic County agreed to hire an outside investigator to investigate the Plaintiffs' claims.[1]

  On October 14, 2001, nearly two years after the State Court Action was dismissed, Mr. Bisceglie and the law firm then known as Bisceglie & Friedman filed the instant suit before this

---

[1] During the course of his representation of Defendant Ryerson, Mr. DeMarco prepared an Answer and Certification on Defendant Ryerson's behalf and attended an outside investigator's interview of Defendant Ryerson. Mr. DeMarco's appearance on Defendant Ryerson's behalf concluded a few months thereafter, sometime in early 2000.

Court. In this suit, Plaintiffs Russo and Villari assert claims against Mr. Ryerson and the Passaic County Defendants which are based on the same or similar allegations previously made in the State Court Action. As discussed, at the time the suit was filed Mr. Bisgelie was associated with the law firm known as Bisceglie & Friedman. However, on March 1, 2006, that firm dissolved and Mr. Bisceglie and Mr. DeMarco formed the law firm of Bisceglie & DeMarco. The new entity Bisceglie & DeMarco then became counsel of record for Plaintiffs in this matter.

After the formation of Bisceglie & DeMarco, the Passaic County Defendants petitioned the Court for an order disqualifying Bisceglie & DeMarco from continuing to represent the Plaintiffs in this matter. The Passaic County Defendants claim that, in light of Mr. DeMarco's representation of Defendant Ryerson in the State Court Action, a conflict was created under New Jersey Rule of Professional Conduct 1.9 when Mr. Bisceglie and Mr. DeMarco joined together to form their current law firm that precludes the continued representation of Plaintiffs by Bisceglie & DeMarco.[2]

Plaintiffs oppose Defendants' motion, claiming that, on balance, disqualification is not warranted. Plaintiffs make several arguments in their opposition. First, Plaintiffs contend that Mr. DeMarco's representation of Mr. Ryerson was brief and for a limited purpose, being largely confined to the preparation of Mr. Ryerson's Certification which later became public. Plaintiffs assert that Mr. DeMarco had no recollection of and did not retain any files pertaining to the State Court Action at the time the law firm of Bisceglie & DeMarco was formed. Plaintiffs also contend that Defendant Ryerson's daughter was present during all meetings between Mr. DeMarco and Mr. Ryerson, thus destroying any attorney-client privilege which may have existed. As a result, Plaintiffs contend that no confidences were exchanged between Defendant Ryerson and Mr. DeMarco in the course of the State Court Action.

Second, Plaintiffs argue that the timing of the instant motion warrants against disqualification. Plaintiffs urge the Court to consider that the motion was filed a mere twelve days before trial, that all discovery in this matter was complete at the time of filing and that summary judgment had already been decided by the time Bisceglie & DeMarco was formed. Plaintiffs assert that these factors also mitigate against a finding that disqualification is appropriate.

As stated above, since the filing of Defendants' motion, new facts have transpired which alter the landscape of this litigation. Mr. DeMarco passed away on September 4, 2007. Mr. Bisceglie's law firm continues to be known as Bisceglie & DeMarco, despite Mr. DeMarco's death.

Plaintiffs argue that Mr. DeMarco's passing is a significant fact which supports their claim that disqualification of counsel is not appropriate at this stage of the litigation. Plaintiffs state that Mr. DeMarco's death removes "even the theoretical possibility that Mr. DeMarco will ever be able to communicate any privileged information he received from Mr. Ryerson - even if there had ever been any confidential information to begin with." See Letter from Angelo Bisceglie, Esq., dated January 14, 2008, Docket Entry No. 171. For the reasons stated below, the Court agrees that disqualification of Plaintiffs' counsel is not warranted.

---

[2] Counsel for Defendant Ryerson is not the movant here. Rather, Mr. Ryerson joins in the motion made by the Passaic County Defendants.

**DISCUSSION**

Legal Standard

  The New Jersey Rules of Professional Conduct govern the conduct of attorneys admitted to practice before this Court.  See L.Civ. R. 6A; Essex Chemical Corp. v. Hartford Accident and Indemnity Co., 993 F.Supp. 241, 246 (D.N.J. 1998).  In construing the New Jersey Rules of Professional Conduct, this Court may review decisions rendered by state and federal courts in New Jersey, and other relevant authority.  Home Care Industries, Inc. v. Murray, 154 F.Supp.2d 861, 866 (D.N.J. 2001).

  Motions seeking disqualification are disfavored as "disqualification is a drastic remedy with often far reaching, sometimes devastating implications."  Essex Chemical, 993 F.Supp. at 246.  "Although doubts are to be resolved in favor of disqualification, the party seeking disqualification must carry a heavy burden and must meet a high standard of proof before a lawyer is disqualified."  In Re Cendant Corp. Sec. Litig., 124 F.Supp.2d 235, 249 (D.N.J. 2000)

New Jersey Rule of Professional Conduct 1.9

New Jersey Rule of Professional Conduct ("RPC") 1.9(a) provides:

> A lawyer who has represented a client in a matter shall not thereafter represent another client in the same or substantially related matter in which that client's interests are materially adverse to the interest of the former client unless the former client gives informed consent confirmed in writing.

  Under RPC 1.9, a conflict of interest exists if the movant demonstrates: (1) the existence of a past attorney-client relationship between the movant and the attorney sought to be disqualified; (2) that the interests of the attorney's current client are materially adverse to those of the movant; and (3) the current representation involves the same or a matter substantially related to the former representation.  See In Re Cendant Corp. Sec. Litig., 124 F.Supp.2d at 244; Home Care Industries, 154 F.Supp.2d at 866. Pursuant to RPC 1.10(a), a conflict arising under RPC 1.9 is imputed to the firm to which the attorney in question belongs.[3]

  Here, there is no question that (1) a past attorney-client relationship between Mr. Ryerson and Mr. DeMarco existed; (2) the interests of Plaintiffs Russo and Villari are materially adverse to Mr. Ryerson; and (3) the current suit involves the same or a matter substantially related to the State Court Action.  However, as noted by legal authority in this District, "[a]lthough RPC 1.9 by attempting to prevent even the potential that a former client's confidences and secrets be used against him, is intended to promote a client's confidence in its counsel and the public's confidence in the integrity of the bar, the Third Circuit has recognized that relevant

---

[3]RPC 1.10(a) states: When lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by RPC 1.7 or RPC 1.9, unless the prohibition is based on a personal interest of the prohibited lawyer and does not represent a significant risk of materially limiting the representation of the client by the remaining members in the firm.

countervailing considerations may exist and has employed a balancing test to determine whether disqualification is warranted." Home Care Industries, 154 F.Supp. 2d at 867 (citing In re Corn Derivatives Antitrust Litig., 748 F.2d 157, 162 (3d Cir. 1984)), see also In re Gabapentin Patent Litig., 432 F.Supp.2d 461, 464 (D.N.J. 2006)("Resolution of [the issue of disqualification] requires a balancing of the hardship to the client whose lawyer is sought to be disqualified against the potential harm to the adversary should the attorney be permitted to proceed."); Shire Laboratories v. Nostrum Pharmaceuticals, Inc., 2006 WL 2129482, *3 (D.N.J. 2006)("Resolution of a motion to disqualify requires the court to balance ..."); In re Cendant Corp. Sec. Litig., 124 F.Supp.2d at 249 (finding that a court must balance hardships and competing interests); Essex Chemical Corp., 993 F.Supp. at 255 ("The Court finds that the Magistrate Judge's failure to balance the relative hardships was contrary to law."); Dewey v. R.J. Reynolds Tobacco Co., 109 N.J. 201, 218 (1998)(" ... a motion for disqualification calls for us to balance competing interests, weighing the need to maintain the highest standards of the profession against a client's right freely to choose his counsel.")(quotations omitted).

      In furtherance of that analysis, the Court must balance the hardship to the client against such factors as the potential harm to the adversary should the attorney be permitted to proceed and the Court's duty to uphold the integrity of the legal profession. See Shire Laboratories, 2006 WL 2129482 at *3; In Re Cendant Corp. Sec. Litig., 124 F.Supp. at 249; Herbert v. Haytaian, 292 N.J.Super. 426, 438 (N.J. Sup. Ct., App. Div. 1996). The Court must be mindful to consider whether disqualification would increase the time and expense involved in the litigation or, alternatively, whether counsel may use information it obtained while representing a former client against such client in a subsequent matter. See Home Care Industries, 154 F.Supp. 2d at 867. The Court must also consider that an order disqualifying counsel on the eve of trial would likely erode the confidence of the public in the legal profession and the judicial process. See Dewey, 109 N.J. at 219. Because disqualification of counsel during pending litigation is an extreme measure, courts must painstakingly scrutinize the facts to determine whether counsel should be disqualified. See Essex Chemical, 993 F.Supp. at 254.

On Balance, Disqualification is Not Warranted

      The Court finds that, on balance, disqualification is not appropriate in this case. As an initial matter, Mr. DeMarco submitted a certification to this Court swearing that he had no recollection of the particular facts regarding his representation of Mr. Ryerson in the State Court Action and that he had destroyed all files before the formation of Bisceglie and DeMarco. Moreover, the record demonstrates Mr. DeMarco's representation of Mr. Ryerson in the State Court Action was brief and limited to the preparation of an Answer and Certification on Defendant Ryerson's behalf and to Mr. DeMarco's attendance at the outside investigator's interview.

      The testimony from Defendant Ryerson's counsel also bears on this issue. Although counsel's testimony is conflicting, at times Mr. Ryerson's counsel seemed to state on the record that no confidences were exchanged between Defendant Ryerson and Mr. DeMarco. In addition, the Court is constrained to note that counsel for Mr. Ryerson had an opportunity to submit an affidavit from Defendant Ryerson *in camera* to the Court regarding whether and to what extent confidential information was exchanged with Mr. DeMarco. Counsel failed to submit any

affidavit or other testimony from Defendant Ryerson on this topic.  Indeed, even the instant motion was filed by Mr. Ryerson's co-defendants, with Ryerson later joining in the application.

The parties have stated that Defendant Ryerson's daughter was present during all meetings between Defendant Ryerson and Mr. DeMarco and Plaintiffs contend that her presence destroyed the attorney-client privilege which attached to Defendant Ryerson's communications with Mr. DeMarco.  Although the presence of a third party may have destroyed any privilege between Defendant Ryerson and Mr. DeMarco, it is not necessary for the Court to opine on this issue.

The fact that Mr. DeMarco has passed away is also significant.  Because Mr. DeMarco is deceased, there is no threat that improper communications will occur in the future.  Mr. DeMarco's death, coupled with the questions surrounding the preservation of privilege, the lack of recollection or files pertaining to the State Court Action and counsel for Defendant Ryerson's conflicting testimony, weigh against a finding that Plaintiffs' counsel should be disqualified in this matter.

The posture of this suit further mitigates against disqualification.  This motion was brought a mere twelve days before this matter was set down for trial.  Mr. Bisceglie and the law firm then known as Bisceglie and Friedman were counsel of record during every significant point in this litigation.  All discovery, pleadings and motion practice in this matter were completed prior to the formation of Bisceglie & DeMarco.  The Hon. Jose L. Linares, U.S.D.J. had already decided summary judgment in this matter prior to Mr. Bisceglie's partnership with Mr. DeMarco.  Plaintiffs have been represented by Mr. Bisceglie for seven years.  The State Court Action concluded several years prior to the institution of this suit.  At this late stage in the litigation, on the eve of trial, Plaintiffs would suffer great prejudice should this Court disqualify counsel and the time and expense associated with this litigation would increase substantially.

## CONCLUSION

Taken together, the factors described in detail above persuade the Court that disqualification of counsel is not appropriate.  Defendants' motion to disqualify is **DENIED.**

**SO ORDERED**.

*s/Claire C. Cecchi*
**CLAIRE C. CECCHI**
United States Magistrate Judge

5